OPINION
WINDHAM, Associate Judge.
Summary
This appeal comes to us upon the granting of a motion to dismiss. Therefore, we take the allegations of the complaint as true for purposes of these proceedings, {Kathy Smith d/b/a, Frosty’s v. CS & K Tribes AP-94-027-CV)
According to these allegations, plaintiff was a part-time employee of the Development Department of the Salish and Koote-nai Community College (SKC). When her supervisor resigned, the position was advertised and three finalists were selected, including plaintiff. At her interview she was subjected to questions of a demeaning nature which were not asked of the other candidates. The position was offered in turn to the other two finalists, who declined. The job was not offered to plaintiff.
The job description was then modified by deleting the proposal writing duties “in a further effort to discriminate against her” and advertised nationwide. Four finalists, including plaintiff were selected and three were interviewed, but the interview process was not fair in that the candidates were not asked similar questions.
In violation of its own personnel policies and procedures, the Tribal Preference Laws and plaintiffs “basic and fundamental civil rights” SKC hired a non-tribal member who was less qualified than plaintiff. Whereupon, plaintiff, acting Pro Se, filed a complaint alleging violation of Tribal Preference Laws, age discrimination, gender discrimination and deceit. Named as defendants were SKC, its president and board of directors, SKC Foundation Board, The Confederated Salish and Koo-tenai Tribal Council and its individual members at that time, (July 10, 2003). The Tribal Council was included on the basis that they knowingly permitted SKC and its president to violate the law.
Both the SKC defendants and the Tribal Council defendants moved to dismiss. On September 23, 2003, while these motions were pending, plaintiff, still representing herself, filed a motion for leave to file a first amended complaint. A copy of the proposed pleading was filed with the motion. Faced with the problem of sovereign immunity, plaintiff attempted to plead facts invoking two exceptions to this doctrine. These are found in CS & K Tribal Code Sections 4-l-402(a) and (f) as follows:
*46 (a)When a claim for injunctive, declaratory or mandamus relief is properly alleged for an abridgment by an action of Tribal Government of any civil or constitutional right of an individual arising under the Tribal Constitution and Bylaws or the Indian Civil Rights Act (25 U.S.C. section 1302)
[[Image here]]
(i). When an officer, agent or employee of the Tribes, acting within the scope of his or her authority, is alleged to have caused serious personal injury or death to another by negligently breaching a duty of care owed to the other.
On October 15, 2003, the Trial Court in a combined order did three things: First, granted the motion for leave to amend (there being no opposition), Second, held that the motion of the SKC defendants was, therefore, moot; but without prejudice to a renewed motion as to the amended complaint, and Third, dismissed the Tribal Council defendants from the suit based on sovereign immunity.
Plaintiff filed a timely notice of appeal from that part of the Order dismissing these defendants.
DISCUSSION
The appeal raises three primary issues, First, did the Trial Court err in not examining the First Amended Complaint as filed before dismissing it. At first blush, this appears to be a legitimate issue since, obviously, the order granting leave to amend must have predated the actual filing of the amended complaint. However, the record shows that plaintiff filed a copy of the proposed pleading at the time of making her motion. The permission to which defendants acquiesced and which the Trial Court granted was to file that document and nothing else. Nothing would be gained by requiring the Trial Court to examine the pleading as actually filed. If it is not the same, it should be.
The next issue to be considered has an equally straight-forward answer. In an attempt to allege a “serious personal injury” plaintiff includes in the First Amended Complaint the following allegation; “The plaintiff, Marjorie R. Mitchell Bear Don’t Walk was subjected to questions in the interviews of a humiliating nature, suffered emotional stress and trauma, and as a direct and proximate result of these deceitful and fraudulent actions of the defendant, Joseph ‘Joe’ McDonald, she suffers extreme depression and has been effected (sic) psychologically and questions her self-worth and has lost income in the form of wages and suffers from (sic) other damages,” (Paragraph 74)
Without reaching the question of whether Mr. McDonald is an officer, agent or employee of the Tribes, we hold that plaintiff has not alleged “serious personal injury”. CS & K Tribes Laws Codified section 4-2-204 is entitled “Limitation on Tort Recovery from Tribes and Tribally owned corporations” and provides in pertinent part as follows:
[[Image here]]
(b) Damages which are not specifically quantifiable cannot be recovered.
(c) Recovery is prohibited for emotional or mental distress.
(d) Recovery under any implied covenants is prohibited.
All three of these provisions may be applicable but the ban on recovery for emotional or mental distress is completely dispositive on this issue.
The remaining issue requires more analysis. The modern doctrine of sovereign immunity is derived from the ancient maxim that “The King can do no wrong”. It.is, however, more than an interesting historical oddity. It is founded on the *47 common sense reality that the business of governance requires that some element of the affected population will sometimes feel aggrieved by this or that action of the particular governing body. If that body, in this case the Tribal Council, and the individuals devoted to that particular public service, could be sued for every decision which disappointed someone, the people’s business could not be done. See Larson v. Domestic & Foreign Commerce Corp. 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949)
The immunity of the Confederated Salish and Kootenai Tribes arises from its status as a sovereign nation. This status has been codified and like most modern governmental immunity statutory plans, it contains exceptions and grants permission to sue the government in question under limited circumstances. The immunity from suit provided by Laws of the CS & K Tribes, Codified section 4-1-401 extends to the “Tribes, as a sovereign government and landowner, and its elected Tribal Council in either their official or personal capacity, as well as Tribal officers, agents and employees acting within the scope of their authority”
The exceptions are contained in Section 4-1-402 and include the two at issue in this appeal. As a preamble, we hold that these exceptions are to be strictly construed. Before permitting a case against the Tribes or any person or entity accorded immunity under Section 4-1-401 to go forward, facts must be clearly alleged which, if proven, would bring the claimant within one or more of the limited waivers which are provided. This is in accord with the teaching of Library of Congress v. Shaw 478 U.S. 310, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986). There, the U.S. Supreme Court held that waivers of sovereign immunity are strictly construed in favor of the sovereign (478 U.S. 310, 318,106 S.Ct. 2957, 92 L.Ed.2d 250.)
Exception (a) quoted above refers to a claim for “injunctive, declaratory or mandamus relief’, and plaintiff' does, indeed, seek these remedies. But, claiming a remedy is not enough, It is incumbent upon the pleader to allege some underlying cause of action authorizing the relief sought. The statute requires that these remedies be based upon a right arising under the Tribal Constitution and ByLaws or the Indian Civil Rights act.
In her Opening Brief, Appellant refers us to specific paragraphs of the amended complaint which she contends bring her within the quoted statutory exception. We have examined these allegations, as well as the complaint as a whole and considering all of these allegations to be trae, we, nonetheless, find that they fall short of bringing Appellant within the claimed exception to sovereign immunity.
Even if we consider the allegations which are legal conclusions, we find no allegation of any fact showing an action of Tribal Government resulting in a violation of Appellant’s Constitutional or Civil rights. What is alleged is inaction in failing to require Joseph McDonald to follow the law and, presumably, hire Appellant. Just how the Tribal Council should go about this is not made clear in the pleading; indeed, in Paragraph 3 of the First Amended Complaint, it is alleged that “Defendant, McDonald as president of the SKC is assigned the duty of Personnel Administration, and as President, he has the final authority as to who will or will not be hired.”
Respondent urges us to hold that, in determining subject matter jurisdiction, only the original complaint is to be considered and since subject matter jurisdiction is lacking where sovereign immunity attaches, the Order of Dismissal should be *48 upheld based on the shortcomings in the complaint as originally filed. However, since we hold that the claim against the Tribal Council Defendants is barred regardless of which version of the complaint is considered, we do not reach this issue.
In short, we find that Appellant has failed to allege any facts bringing her within any of the statutory exceptions to sovereign immunity and it does not appear that the basic defects in her claim as to the Tribal Council and its members could be cured by further amendment.
DISPOSITION
The Order of the Trial Court dismissing the Tribal Council and its individually named members is AFFIRMED.
We Concur: CHUCK WALL, Associate Justice, GREGORY T. DUPUIS, Associate Justice.